The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Finding of Fact 8, Conclusion of Law 3, and Award paragraph 3.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employment relationship existed between the parties on March 3, 1992, which is the date of the injury giving rise to this claim.
2. Hartford Accident Indemnity Company was the workers' compensation carrier on the risk.
3. The plaintiff's average weekly wage was $232.61, which yields a weekly compensation rate of $155.07.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On March 3, 1992, the plaintiff was a 39 year old hearing-impaired, high school educated female who began her employment with defendant in October of 1989. The plaintiff's duties involved sewing panels for mattress coverings.
2. In order to sew the panel and border together, the plaintiff saw at a sewing machine, using both hands to guide the pieces through the machine. The panels of fabric were placed on a table at plaintiff's right side, which had to be flung to the left side in order to begin sewing.
3. On March 3, 1992, the plaintiff flung a panel of fabric for a bed top over to the left side. As she slung her arm overhead, the plaintiff felt a sharp pain in the right side of the back of her neck. This incident occurred right before lunch time. The plaintiff worked the rest of the day, with her neck pain getting worse and worse.
4. The plaintiff reported this injury to Sue Scott Warren, her supervisor, on March 4, 1992, and Sue instructed her to go to Dr. Jones, who was the "company doctor".
5. The plaintiff was seen by Dr. Jones on March 6, 1992, and continued under his treatment through June of 1992.
6. Dr. Jones referred the plaintiff to Dr. Robert Price on May 13, 1992, who found the plaintiff to have a bulging disc at C6-7.
7. The plaintiff returned to work on July 8, 1992 and worked part-time through August 27, 1992, when she returned to regular duty. During the part-time work period, plaintiff worked:
July 8 through July 7 34.25 hours
July 20 through July 31 50.00 hours
August 3 through August 1451.50 hours
August 17 through August 2860.75 hours
8. The plaintiff has been rated as having a 5% permanent partial impairment rating to her neck by Dr. Robert E. Price, Jr.
9. Dr. Price opined that the cervical strain for which he treated the plaintiff was caused by the work-related incident.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained a compensable injury to her neck as a result of a specific traumatic incident on March 3, 1992. As a result of this injury, plaintiff is entitled to temporary total disability compensation at the weekly rate of $155.07, for the period from March 5, 1992 through July 7, 1992. N.C. GEN. STAT. § 97-29.
2. The plaintiff is entitled to temporary partial disability compensation for the period from July 8, 1992 until she returned to regular duty on August 27, 1992. N.C. GEN. STAT. § 97-30.
3. Plaintiff has sustained a 5% permanent partial disability rating to her neck and the plaintiff is entitled to permanent partial disability compensation for a period of 15 weeks at a compensation rate of $155.07 starting from September 9, 1992 until December 22, 1992. N.C. GEN. STAT. § 97-31 (23).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay temporary total disability compensation to the plaintiff at the rate of $155.07 per week for the period from March 5, 1992 through July 7, 1992, subject to counsel fee hereinafter approved. This compensation has accrued and shall be paid in a lump sum.
2. Defendants shall pay temporary partial disability compensation to the plaintiff for the period from July 8, 1992 until she returned to full duty on August 27, 1992, subject to counsel fee hereinafter approved. This compensation has accrued and shall be paid in a lump sum.
3. Plaintiff has sustained a 5% permanent partial disability to her neck and is entitled to compensation at a rate of $155.07 per week starting from September 9, 1992 and continuing for 15 weeks.
4. A reasonable attorney's fee of 25% is hereby approved for plaintiff's counsel and shall be deducted from the sums due plaintiff and paid directly to counsel.
5. Defendants shall pay all medical expenses incurred or to be incurred as a result of this injury, pursuant to N.C.G.S. § 97-25.
6. Defendants shall pay the costs.
 S/ _________________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
CMV/CNP/tmd 4/19/95; c:\cv\fc\mar\fc224693